**UNITED STATES DISTRICT COURT**
for the
**Western District of Kentucky**
**Bowling Green Division**

| | |
|---|---|
| James T. Lewis )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Unifund CCR Partners )<br>*Assumed Name for* )<br>Credit Card Receivables Fund, Inc. *and* )<br>ZB Limited Partnership )<br>    *Defendant* )<br>Serve: )<br>    Credit Card Receivables Fund, Inc. )<br>    c/o Corporation Service Company )<br>    2711 Centerville Road )<br>    Suite 400 )<br>    Wilmington, DE 19808 )<br> )<br>    ZB Limited Partnership )<br>    c/o Corporation Service Company )<br>    2711 Centerville Road )<br>    Suite 400 )<br>    Wilmington, DE 19808 )<br>                             ) | Case No. 1:16-cv-197-GNS |

**COMPLAINT and DEMAND FOR JURY TRIAL**

\* \* \* \* \*

**INTRODUCTION**

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

**JURISDICTION**

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff James T. Lewis is a natural person who resides in Warren County, Ky. Mr. Lewis is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Unifund CCR Partners ("Unifund") is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

5. Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

6. Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## **RELEVANT FACTS**

7. On January 3, 2008, Unifund filed suit against Mr. Lewis in the Warren Circuit Court of Warren County, Kentucky under Case No. 12-CI-00919 (the "State Court Lawsuit"). A true and accurate copy of the complaint filed in the State Court Lawsuit is attached hereto as Exhibit "A."

8. Unifund's complaint in the State Court Lawsuit (the "State Court Complaint") was an attempt to collect a charged-off credit account originated by Citifinancial, Inc. ("Citifinancial").

9. The Citifinancial account at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Citifinancial account a "debt" within the meaning of the FDCPA.

10. The State Court Complaint avers *inter alia* that Mr. Lewis owed Unifund the principal amount of $6,087.84 plus interest at the rate of 8.00% per annum from October 29, 2010.

11. Unifund moved for default judgment in the State Court Lawsuit on September 5, 2016. On September 10, 2012, the Warren Circuit Court entered default judgment in Unifund's favor (the "Judgment"). A true and accurate copy of the Judgment is attached as Exhibit "B."

12. The Judgment awarded Unifund "the sum of $6087.84 plus interest at the rate of 8.00% from 10/29/2010 in the amount of $925.59 for a total of $7,013.43, plus interest at the rate of 12.00% hereafter." *Id.* The Judgment also awarded Unifund "court costs expended herein."

13. While the Judgment awards "court costs" to Unifund, no amount of court costs is included or set forth in the amount of the judgment.

14. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky. R. Civ. P. 54.04(2).

15. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review pursuant to KRS 453.050 and Ky. R. Civ. P. 54.04.

16. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

17. Unifund did not file a bill of costs in the State Court Lawsuit.

18. Unifund did not serve a bill of costs on Mr. Lewis.

19. There is no supplemental judgment entered in the State Court Lawsuit awarding Unifund costs.

20. On October 17, 2012, Unifund recorded a judgment lien with the Warren County Clerk pursuant to the Judgment (the "Judgment Lien"). A true and accurate copy of the Judgment Lien is attached hereto as Exhibit "C."

21. Unifund filed the judgment lien in attempt to collect the Citifinancial debt from Mr. Lewis. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir.).

22. The Judgment Lien contains the following information:

```
JUDGMENT DATE: 09/10/2012           JUDGMENT AMOUNT: $7,240.43
COURT COSTS TO DATE: $227.00        AWARDED ATTORNEY FEES: $0.00
BALANCE AS OF: 9/27/2012: $ 7,275.36
INTEREST RATE: 12.000
```

23. The Judgment Lien overstates the amount of the debt and the Judgment.

24. According to the terms of the Judgment, the amount of prejudgment interest on the debt was $911.34 ($6,087.84 x .08/365 x 683 days (the number of days between October 29, 2010 and September 5, 2012)).

25. So the total amount of principal and interest due on the Judgment on September 10, 2010 (the day that default judgment was entered) was $6,999.18 ($6,087.84 + $911.34). The Judgment Lien thus overstates the judgment amount by $241.25.

26. As to court costs, Unifund was not entitled to recover any court costs from Mr. Lewis because Unifund never filed a bill of costs in the State Court Lawsuit.

27. Further as to court costs, the court costs recited in the Judgment Lien overstates the amount of possible recoverable court costs in the underlying action.

28. Upon information and belief, the only recoverable court costs incurred by Unifund in the State Court Lawsuit consisted of its filing fees and the fee for service of process, which could have been no more than $217.00.

29. As of the date of the filing this complaint, Unifund has not amended or released the Judgment Lien.

30. Between October 18, 2012 and June 19, 2015, Unifund issued six separate non-wage garnishments in an attempt to collect the Citifinancial debt from Mr. Lewis.

31. In each non-wage garnishment, Unifund added an additional $10.00.

32. Unifund had no legal basis for recovering each additional $10.00 from Mr. Lewis.

33. Unifund collected at least $2,038.15 from Mr. Lewis by means of its first six non-wage garnishments.

34. Upon information and belief, Unifund applied some portion of the funds obtained by means of its first six non-wage garnishments to recover some or all of its self-awarded court costs expended in the State Court Lawsuit, even though it has never filed a bill of costs in the State Court Lawsuit.

35. Upon information and belief, Unifund applied some portion of the funds obtained by means of its first six non-wage garnishments to recover its collection expenses such as lien

recording fees and garnishee fees paid pursuant to KRS 425.501(3), even though these expenses are not recoverable under Kentucky law.

36. Unifund served a seventh non-wage garnishment on BB&T on December 14, 2015 (the "Seventh Garnishment"). A true and accurate copy of the Seventh Garnishment is attached as Exhibit "D."

37. Unifund served the Seventh Garnishment on BB&T in an attempt to collect the Citifinancial debt from Mr. Lewis.

38. The Seventh Garnishment states that the amount of the judgment is $7,778.73.

39. Upon information and belief, the Seventh Garnishment includes self-awarded court costs and collection expenses.

40. The funds taken out of Mr. Lewis's bank account have caused great economic hardship for Mr. Lewis.

41. Unifund's repeated non-wage garnishments, including the Seventh Garnishment, have also taken a huge emotional and physical toll on Mr. Lewis.

42. Unifund violated the FDCPA by misrepresenting the amount of the debt in the Judgment Lien and its wage garnishments, including the Seventh Garnishment; including costs and fees in the amount of court costs listed in the Judgment Lien and the Seventh Garnishment that are not allowable as court costs;, and including a claim for court costs in the Judgment Lien and the Seventh Garnishment where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

I.  **Claims against Unifund CCR Partners**

   A.  **Violations of the FDCPA**

43. The foregoing acts and omissions of Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James T. Lewis requests that the Court grant him the following relief:

1. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against Defendant;

2. Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the unauthorized court costs and collection expenses paid to Unifund;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com